IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUELINE M. DITZLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 05-325J |
| | ) | |
| | ) | |
| v. | ) | JUDGE GIBSON |
| | ) | |
| JAMES D. WESOLOWSKI and | ) | |
| DIAMOND STATE TRUCKING | ) | |
| INC., | ) | |
| Defendants. | ) | |

# Memorandum Opinion and Order of Court

**GIBSON, J.**

## SYNOPSIS

This case is before the Court on the Defendants' Motion to Dismiss the Plaintiff's Demands

for Punitive Damages under Federal Rule of Civil Procedure 12 (b)(6) for Failure to State a Claim

upon which Relief can be Granted (Document No. 7). This Court has subject matter jurisdiction

over this case pursuant to 28 U.S.C. § 1332. Venue is proper in accordance with 28 U.S.C. §

1391(a)(2), and (c).

A brief procedural history of this case is as follows: On August 8, 2005, Plaintiff, Jacqueline

Ditzler, filed a three count complaint alleging that Defendants, James Wesolowski (hereinafter

"Wesolowski") and Diamond State Trucking, Inc. (hereinafter "Diamond State"), were negligent in

causing a vehicular collision on Pennsylvania Interstate Route 76 in which Plaintiff was injured.

Additionally, Plaintiff alleged that Diamond State was vicariously liable, because of the existence

of an employee, agent, and/or servant relationship, for Wesolowski's alleged negligence.  Plaintiff requested punitive damages on all counts.  On September 28, 2005, Defendants filed a Motion to Dismiss Plaintiff's Demands For Punitive Damages pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim upon which Relief can be Granted accompanied by a brief in support of the motion.  On October 24, 2005, Plaintiff filed a Response to Defendants' Motion to Dismiss and a Brief In Opposition.  For the reasons herein, the Defendants' motion is denied.

## ANALYSIS

The Defendants have brought before this Court a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim upon which Relief can be Granted. Analyzing a Rule 12(b)(6) motion requires the Court to "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989)(citations omitted); *See also* D.P. *Enters., Inc. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir. 1984).  A court may only dismiss a complaint if it is clear that relief could not be granted under any set of facts that could be proved consistent with the allegations.  *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-33, 81 L.Ed.2d 59, 65 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957)).  The issue is not whether the plaintiffs will prevail at the end, but only whether they should be entitled to offer evidence to support their claim.  *Lake v. Arnold*, 112 F.3d 682, 688 (3d Cir. 1997); *Niami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  This Court must decide whether Plaintiff's complaint meets the minimum

requirements of Federal Rule of Civil Procedure 8[1] so as to withstand a motion under Rule 12(b)(6).

Further, Federal Rule of Civil Procedure 9(b) permits, as here, that when malice, intent, knowledge, and other conditions of the mind of a person are averred, they may be averred generally. FED. R. CIV. PRO. 9(b).[2]

The Defendants argue for dismissal of the punitive damages claims stating that " [t]he Plaintiff's Complaint contains three counts grounded solely in negligence and vicarious liability [and] punitive damages are not recoverable for negligent conduct." Defs.' Mot. Dismiss ¶ ¶ 6-7.

It is well settled Pennsylvania law that "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Hutchinson v. Luddy*, 582 Pa. 114, 121, 870 A.2d 766, 770 (2005) (citing *Feld v. Merriam*, 506 Pa. 383, 395, 485 A.2d 742, 747 (1984)); *See also Chambers v. Montgomery*, 411 Pa. 339, 344, 192 A.2d 355, 358 (1963) (applying the punitive damages standard found in RESTATEMENT (SECOND) OF TORTS Section 908(1) (comment b) to an assault and battery action).

---

[1] A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded. Fed. R. Civ. Pro. 8.

[2] The Court notes that although the Plaintiff's Brief in Opposition addresses Rule 9(g), Special Damages, (Pl.'s Br. p. 3), the Court does not find that these pleading requirements are relevant here as case law refers separately to punitive damages and special damages. *Dow v. Edwards and Kelcely, Inc.*, No. 97-8078, 1998 WL 531838 (E.D. Pa August 21, 1998); *Altoona Clay Products, Inc. v. Dun & Bradstreet. Inc.*, 367 F.2d 625, 631 (3d Cir. Pa. 1966). Although the conclusion that punitive damages do not amount to special damages has not been specifically stated in any court decision that is binding upon this Court, the court in *Nelson v. G.C. Murphy Co.* held that punitive damages are not special damages and need not be specifically stated as required by Rule 9(g). 245 F.Supp. 845, 847 (N.D. Ala. 1965). The *Nelson* court decision has not been challenged on this finding, and on the contrary, other courts have followed this conclusion. *Dow*, 1998 WL 531838 at 4. Furthermore, FEDERAL PRACTICE AND PROCEDURE adheres to this conclusion. 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1311(3d ed. 2006).

Further, "when assessing the propriety of the imposition of punitive damages, 'the state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicio us.'" *Hutchinson*, 582 Pa. at 122 870 A.2d at 770 (citations omitted). The reckless indifference standard applicable to assessing the mental state of mind necessary to impose punitive damages requires that "1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that 2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchinson*, 582 Pa. at 124, 870 A.2d at 772.

This Court is not convinced, after accepting all allegations of the complaint as true, that Plaintiff could not establish that Defendants' conduct was "conscious, deliberate and outrageous" and sufficient to maintain a claim for punitive damages. Defendants' Motion to Dismiss incorrectly concludes, contrary to the reasoning in *Hutchinson,* that "[p]unitive damages are not recoverable for negligent conduct." Defs.' Mot. Dismiss ¶ 7. Defendants may have intended to argue that punitive damages are not recoverable for conduct which is merely negligent, however, negligent conduct may be so egregious that it may fairly be described as outrageous. The Defendants' conclusion is a misstatement of the rule in the referenced case as the *Hutchinson* court specifically stated "punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious or so careless as to indicate wanton disregard for the rights of the parties injured." *Hutchinson*, 582 Pa. at 120, 870 A.2d at 770 (citing RESTATEMENT (SECOND) OF TORTS § 908 (1979)).

In the case *sub judice*, the Plaintiff alleges, in relevant part, "James Wesolowski operated the tractor-trailer in [sic] excessive speed," (Compl. ¶ 12) and failed to "make the proper hitch connections or attachments of the trailer unit to the tractor unit" (Compl. ¶ 19(j)), "perform reasonable inspections" (Compl. ¶ 19(k)), and "properly load and secure the lumber on the trailer" (Compl. ¶ 19(l).). Additionally, Plaintiff asserts that the Defendants "knew or had reason to know that [this] conduct created a risk of physical harm to Plaintiff." (Compl. ¶¶ 24, 34). Although the complaint shows that Plaintiff's claim is based initially upon a theory of negligence, the allegations in paragraphs 12, 19(j), (k), (l), 24, and 34 work in tandem to set forth conduct which could be determined to go beyond the realm of mere negligence.[3]   Therefore, this Court concludes that in reference to the claims for punitive damages as to Counts I and II, the Plaintiff has met the pleading requirements[4] and adequately sets forth a claim for punitive damages based upon the acts alleged in above-mentioned paragraphs and, therefore, the motion to dismiss is denied without prejudice to raise the issue of punitive damages in a motion for summary judgment.

In reference to Plaintiff's request for punitive damages for Defendant Diamond State's vicarious liability in Count III, Defendants' Brief In Support of the Motion to Dismiss briefly addresses the issue by concluding that "Count III is devoid of facts necessary to award punitive damages" because Plaintiff "alleges no facts which rise above mere negligence." (Defs.' Br. Supp. Mot. Dismiss at 8). This Court is satisfied that the aforementioned analysis adequately addresses

---

[3] Plaintiff's complaint incorporated all paragraphs from Count I into Count II.

[4] Punitive damages are not awarded for the results of an alleged act; therefore Plaintiff's averment that a Honda Prelude landed on the hood of Plaintiff's car, although it may be an outrageous occurrence, does not equate to the Defendants' acts being outrageous as well. *See Feld v. Merriam,* 506 Pa. at 396, 485 A.2d at 748 (1984).

and rejects Defendants' conclusion. *See Loughman v. Consol-Pennsylvania Coal Company*, 6 F.3d 88, 101-102 (3d Cir. 1993)(recognizing that principals are liable for punitive damages of agents under Pennsylvania law as long as the "agent['s] [actions] were 'clearly outrageous,' were committed during and within the scope of the agent's duties, and were done with the intent to further the principal's interests.")(citation omitted).

Plaintiff asserts that Defendants "[engage] in the transportation of products", and Defendant Wesolowski was "operating the tractor-trailer truck within the course and scope of his employment with [Diamond State], and with direct authority, consent, and permission of his employer." Compl. ¶¶ 4, 9. Coupled with the averments previously mentioned in paragraphs 4, 9, 12 and 19(j), (k), and (l), the Court finds that Plaintiff has met the pleading requirements for punitive damages and, therefore, the motion to dismiss is denied without prejudice to Defendants to raise the issue of punitive damages in a motion for summary judgment.

**AND NOW**, this 1ˢᵗ day of September, 2006, after consideration of the Defendants' Motion to Dismiss the Plaintiff's Demands for Punitive Damages under Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim upon which Relief can be Granted (Document No. 7) , in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED that:

1) As to Count I, the Defendants' Motion is DENIED;

2) As to Count II, the Defendants' Motion is DENIED; and

3) As to Count III, the Defendants' Motion is DENIED.

This Order is entered without prejudice to Defendants raising the issue of punitive damages again in a summary judgment motion.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE